THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

**REYNALDO RODRIGUEZ ALZUGARAY**, **ET AL.**

    Plaintiff,

        v.

**THE UNITED STATES OF AMERICA, ET AL.**,

    Defendants.

Civil Case. NO. 11-1347 (PG)

**OPINION AND ORDER**

    Mr. Reynaldo Rodriguez, a 61-year-old civilian employee for the U.S. Army at Fort Buchanan in San Juan, Puerto Rico, filed suit against the United States of America; the United Sates Army; the Department of Justice; Colonel John D. Cushman as Commander of the U.S. Army Garrison Fort Buchanan; Gunnard G. F. Pedersen as Deputy to the Commander; Ms. Magda Figueroa as Executive Officer at Fort Buchanan; Jose L. Ortega as Acting Director of the Directorate of Planning, Training, Mobilization and Security for Fort Buchanan and Mrs. Nannette Lopez Silva and the conjugal partnership constituted between Mrs. Lopez Silva and her husband Jose L. Ortega. See Docket No. 1.

    Defendants move to dismiss the eleven counts included in the Complaint (Docket No. 20) which comprises claims under the Age Discrimination in Employment Act (ADEA), 29 U.S.C.A. §621 et seq.; the American with Disabilities Act (ADA), and the Rehabilitation Act, 29 U.S.C.A. § 794, as well as a myriad state law and constitutional claims. It is defendants' contention that not a single one of plaintiffs' claims survives dismissal under each of the theories developed in their motion.

    For starters, defendants posit that plaintiffs' only course of redress for claims of discrimination in the workplace are found in the ADEA and the Rehabilitation Act and that these statutes permit but a single defendant, Secretary of the Army John Hughes as head of the employer agency. See Docket No. 21.

    Moreover, defendants assert that Rodriguez failed to exhaust the administrative remedies under the ADEA and the Rehabilitation Act and is

thus precluded from bringing his action before this Court. See Docket No. 21 at pages 14-16. Lastly, defendants posit that Rodriguez failed to state a claim for hostile work environment and for failure to accommodate under the Rehabilitation Act. See Docket No. 21 at pages 16-19.

We find that Rodriguez failed to exhaust administrative remedies for his ADEA claims thus warranting their **DISMISSAL WITH PREJUDICE**. Rodriguez' state law and constitutional claims are preempted and therefore we also **DISMISS** them **WITH PREJUDICE**. Likewise, we find that the Conjugal Partnership does not have standing to sue and **DISMISS** their claims **WITH PREJUDICE**. The remaining claims also fail for the reasons contained herein and the Court **DISMISSES** them **WITHOUT PREJUDICE**.

## I.  BACKGROUND

The following is a factual and procedural background of the matters pertinent to the motion to dismiss.

Plaintiffs filed the instant action on April 15, 2011. See Docket No. 1. At the time, he had been working for a decade as a civil service employee in the Directorate of Plans, Training, Mobilization and Security (known as "DPTMS") in Fort Buchanan at Guaynabo, Puerto Rico. See Docket No. 1 at ¶21.

He claims to have been the subject of "discrimination, retaliation, harassment and hostile work environment" since October 29, 2009 and points to José L. Ortega, director of the DPTMS and his immediate supervisor, as the culprit. See Docket No. 1 at ¶24.

Plaintiffs relate that Ortega "harassed" him on several occasions to prompt him to retire. See Docket No. 1 at ¶26. He also complains that plaintiff "set him up for failure" by appointing him as "Emergency Management Officer" when he had no training for the position. See Docket No. 1 at ¶27.

Rodriguez also alleges that Ortega's harassment interferes with his work performance and makes him feel intimidated. See Docket No. 1 at ¶61. Among the actions that Rodriguez pinpoints are the issuance of an "unjustified letter of reprimand," (Docket No. 1 at ¶33-37), as well as several comments which Ortega allegedly directed to Rodriguez such as stating that he was "overpaid" and that he should be placed in a lower category in the federal pay grade system. See Docket No. 1 at ¶42. Plaintiff claims that such comments have affected his "good name and

reputation in the eyes of management." See Docket No. 1 at ¶43.

Additionally, Rodriguez avers that on October 15, 2010 he submitted a Memorandum from his clinical psychologist, Dr. Marie Rodríguez Beltrán, requesting a reasonable accommodation in the form of a reassignment to another Directorate within Fort Buchanan because Ortega's actions caused him "undue hardship." See Docket No. 1 at ¶52. He claims that the memorandum was received and stamped but no corrective actions were taken. Id.

Defendants filed the Motion to Dismiss that is now before the Court on a variety of theories. See Docket No. 20. Soon thereafter, plaintiffs filed their opposition. See Dockets No. 25-26.

In its Memorandum of Law in Opposition to Dismissal (Docket No. 26), plaintiffs voluntary withdrew their claims related to ADEA and the Rehabilitation Act as to defendants the United States of America and "its agency" which the Court interpreted to be the United States Army. See Docket No. 26 at ¶2. Accordingly, the Court entered Partial Judgment dismissing those claims. See Docket No. 45.

Furthermore, plaintiffs refute that they failed to properly exhaust administrative remedies and asked the Court for additional time to submit the proper documentation regarding the EEOC proceedings they allegedly conducted prior to filing suit. See Docket No. 26 at ¶21 and ¶25.

Accordingly, on June 27, 2012 the Court entered an Order requiring plaintiffs to submit: "(1) any formal administrative complaints filed by Rodriguez related to the claims in this suit; (2) any right to sue letters received by Rodriguez stemming from those complaints; and (3) any other document which evinces that Rodriguez effectively exhausted his administrative remedies for the federal claims that so require." See Docket No. 28. The Court ordered plaintiffs to provide copies of these documents no later than July 6, 2012. Id.

On August 13, 2012, plaintiffs filed a Motion to Alter or Amend Order whereby they explained that they were "searching the source of the documents [requested by the Court] in order to secure them." See Docket No. 31 at paragraph 4. Nevertheless, plaintiffs included with their motion a document which was titled "Memorandum for Deputy for Equal Employment Opportunity Compliance and Complaints" which they asked the Court to consider. See Docket No. 31-1. The Court granted plaintiffs'

request and ordered the parties to submit an informative motion by September 13, 2012. See Docket No. 33.

On March 1st, 2013 the Court held a status conference where it ordered the parties to provide a discovery timetable and to provide available dates for a further status conference. See Docket No. 36. At the Status Conference, defendants clamored that plaintiffs had not yet complied with the Court's orders regarding the documentation needed to evaluate whether plaintiffs had exhausted administrative remedies. Id. As of this date, plaintiffs have not abided by the Court's Order.

On May 14, 2013 the Government filed a Supplemental Memorandum in Support of Motion to Dismiss. See Docket No. 39. Plaintiffs promptly asked the Court to strike the pleading from the record for failure to secure leave prior to filing pursuant to Fed.R.Civ.P. 15(d). See Docket No. 40. Two days later, defendants filed a motion to set aside the March 1st, 2013 order regarding discovery and requested leave to file their supplemental memorandum in support of the motion to dismiss. See Docket No. 41.

## II.  STANDARD OF REVIEW

When reviewing a motion to dismiss for lack of subject matter jurisdiction, a court accepts only uncontroverted factual allegations as true for purposes of the motion. See Gibbs v. Buck, 307 U.S. 66, 72, 59 S.Ct. 725, 83 L.Ed. 1111 (1939). "If a motion to dismiss for lack of subject matter jurisdiction, however, challenges the truth of the jurisdictional facts alleged in the complaint, the district court may consider relevant evidence in order to resolve the factual dispute." See Reynolds v. Army & Air Force Exch. Serv., 846 F.2d 746, 747 (Fed.Cir. 1988); see also Engage Learning v. Salazar, 660 F.3d 1346, 1355 (Fed.Cir. 2011). In such cases, the plaintiff has the burden of proving subject matter jurisdiction by a preponderance of the evidence. See Reynolds, 846 F.2d at 748 (citing Zunamon v. Brown, 418 F.2d 883, 886 (8th Cir. 1969)).

At the pleading stage, an order of dismissal for lack of subject matter jurisdiction "is appropriate only when the facts alleged in the complaint, taken as true, do not justify the exercise of subject matter jurisdiction." See Sanchez ex rel. D.R.-S. v. U.S., 671 F.3d 86, (1st Cir. 2012) (citing Muñiz-Rivera v. United States, 326 F.3d 8, 11 (1st Cir. 2003)).

In assessing whether the plaintiff has put forward an adequate basis for jurisdiction, "the court must credit the plaintiff's well-pleaded factual allegations (usually taken from the complaint, but sometimes augmented by an explanatory affidavit or other repository of uncontested facts), draw all reasonable inferences from them in [the plaintiff's] favor, and dispose of the challenge accordingly." See Valentín v. Hosp. Bella Vista, 254 F.3d 358, 363 (1st Cir. 2001).

Moreover, when considering a motion to dismiss for failure to exhaust administrative remedies, "it is proper for a judge to consider facts outside of the pleadings and to resolve factual disputes as long as the factual disputes do not decide the merits and the parties have sufficient opportunity to develop a record." See Bryant v. Rich, 530 F.3d 1368, 1376 (11th Cir. 2008).

As to the standard for Motions to Dismiss under Fed.R.Civ.P. 12(b)(6), the court must keep in mind that "[t]he general rules of pleading require a short and plain statement of the claim showing that the pleader is entitled to relief… this short and plain statement need only give the defendant fair notice of what the… claim is and the grounds upon which it rests." See Gargano v. Liberty Intern. Underwriters, Inc., 572 F.3d 45, 48 (1st Cir. 2009) (internal citations and quotation marks omitted). Nevertheless, "even under the liberal pleading standard of Federal Rule of Civil Procedure 8, the Supreme Court has… held that to survive a motion to dismiss, a complaint must allege 'a plausible entitlement to relief.'" See Rodríguez-Ortiz v. Margo Caribe, Inc., 490 F.3d 92, 95 (1st Cir. 2007) (citing Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 559 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the Court to draw the reasonable inference that the defendant is liable for the misconduct alleged." See Ashcroft v. Iqbal, 556 U.S. 662, 129 S.Ct. 1937, 1949 (2009) (citing Twombly, 550 U.S. at 556).

### III. APPLICABLE LAW AND ANALYSIS

**A. Exhaustion of Administrative Remedies**

The starting point of our analysis will be the issue of exhaustion of administrative remedies since it weighs directly on the court's jurisdiction.

    **(i)    ADEA Claims**

A federal employee who claims to have been the victim of age discrimination has two procedural alternatives through which to pursue relief. See 29 U.S.C. §§ 633a(b), 633a(c). To begin the process, the employee must contact an Equal Employment Opportunity ("EEO") counselor at the agency where the employee works within forty-five days of the alleged violation. See 29 C.F.R. §1614.105(a). If the matter is not resolved through counseling, the employee may file an administrative complaint with the agency. See 29 C.F.R. §1614.106(a). If the agency issues a final decision adverse to the employee, the employee may either appeal that decision to the EEOC or file a civil action in federal court. See 29 C.F.R. §§ 1614.110, 1614.401, 1614.407.

In view of the congressional silence regarding the specific period of limitations for ADEA suits brought against federal employers, several Courts of Appeals, including the First Circuit, have held that ADEA Plaintiffs who opt for the administrative alternative must file the administrative charge for age discrimination claims within 90 days of the discriminatory event. See 42 U.S.C. § 2000e–16(c); see also Edwards v. Shalala, 64 F.3d 601 (11th Cir.1995); Long v. Frank, 22 F.3d 54 (2d Cir. 1994), *cert. denied*, 513 U.S. 1128, 115 S.Ct. 938, 130 L.Ed.2d 883 (1995); Nunnally v. MacCausland, 996 F.2d 1, 2 (1st Cir. 1993); Lavery v. Marsh, 918 F.2d 1022 (1st Cir. 1990).

Under the second alternative, bringing an ADEA suit directly in federal court, the requirement of an administrative filing with the EEOC is excused when the claimant files a notice of intent to sue under the ADEA within 180 days of an alleged discriminatory event and thereafter files the civil complaint within 30 days of the notice to sue. See 29 U.S.C. § 633a(d); Stevens v. Dept. of Treasury, 500 U.S. 1, 111 S.Ct. 1562, 114 L.Ed.2d 1 (1991).

Rodriguez avers that he began an informal complaint process at the Fort Buchanan EEO office on August 30, 2010 concerning the alleged pattern of discrimination he suffered based on his age and mental and physical disability. See Docket Nos. 21-1 and 21-2 (emphasis added). On November 22, 2010, the EEO at Buchanan sent Rodriguez a Notice of Right to File a Formal Complaint. See Docket No. 21-1. The letter specified

that Rodriguez had the right to file a formal complaint of discrimination within 15 calendar days of receipt of the notice. Id.

Rodriguez was thus bound to pursue a formal complaint before the EEO to set into motion the formal proceedings. Defendants claim that he did no such thing but Rodriguez claims otherwise. In the Opposition to the Motion to Dismiss, Rodriguez avers that after the EEO proceedings concluded he filed a complaint before the EEOC. See Docket No. 26 at ¶21-23. Nevertheless and despite the numerous requirements from this Court that plaintiffs provide evidence of exhaustion of administrative remedies prior to filing suit, plaintiffs have turned a deaf ear.

A plaintiff invoking the court's subject matter jurisdiction "must allege in his pleadings the facts essential to show jurisdiction" and, if challenged, must support those allegations by a preponderance of the evidence. See Celli v. Shoell, 40 F.3d 324, 327 (10th Cir. 1994) (quotation omitted); see United States v. Spectrum Emergency Care, Inc., 190 F.3d 1156, 1160 (10th Cir. 1999). Thus, an employment-discrimination plaintiff must "plead and show" exhaustion. See Cudjoe v. Indep. Sch. Dist. No. 12, 297 F.3d 1058, 1063 (10th Cir. 2002).

As previously stated, there is absolutely no evidence on the record that Rodriguez ultimately filed the Formal Complaint before the EEO at Fort Buchanan nor is there any indication that he sent the notice to sue prior to filing in federal court. In its Order of June 27, 2012 the Court admonished plaintiffs that "[f]ailure to [submit the documents]…will result in the Court finding that Rodriguez did not exhaust the necessary administrative remedies and the Court will adjudicate the matter pursuant to what that determination requires." See Docket No. 28.

The time has come to follow through on that forewarning. Rodriguez' pleadings neither assert nor factually demonstrate that he exhausted administrative remedies for his claims. Under our precedent, this Court has no choice but to DISMISS his ADEA claims WITH PREJUDICE.

Following the same rationale, plaintiffs' claims for retaliation under ADEA do not survive dismissal.

The Supreme Court has held that the so-called "federal sector" provision of the ADEA "prohibits retaliation against a federal employee who complains of age discrimination." See Gomez–Perez v. Potter, 553 U.S. 474, 491, 128 S.Ct. 1931, 170 L.Ed.2d 887 (2008). Discrete acts of

discrimination, such as termination or failure to promote, that occur after the filing of an EEOC complaint must first be administratively reviewed before they may serve as a basis for a judicial finding of discriminatory conduct. See <u>Kelly v. Dun & Bradstreet, Inc.</u>, No. 13-11060, 2014 WL 747235, at *3 (11th Cir. Feb. 27, 2014) (<u>citing</u> <u>Ray v. Freeman</u>, 626 F.2d 439, 442 (5th Cir. 1980) and <u>Nat'l R.R. Passenger Corp. v. Morgan</u>, 536 U.S. 101, 114, 122 S.Ct. 2061, 153 L.Ed.2d 106 (2002)). However, a plaintiff bringing a civil action under the ADEA against a federal employer may also bring claims that are "like or reasonably related to" the administrative charges. See <u>Shelley v. Geren</u>, 666 F.3d 599, 606 (9th Cir. 2012). In determining whether federal-court allegations fall within the scope of an administrative charge, the relevant claim and the administrative charge must, at minimum, "'describe the same conduct and implicate the same individuals.'" <u>See</u> <u>Ezell v. Potter</u>, 400 F.3d 1041, 1046 (7th Cir. 2005).

In this case, we find nothing in Rodriguez' allegations that allows the Court to make the reasonable inference that the acts of retaliation mentioned in the Complaint were subject to administrative review. Moreover, because Rodriguez never initiated a formal proceeding before the EEO, he cannot argue that his retaliation claims fall within the scope of an administrative charge for discrimination under ADEA.

In light of the above, Rodriguez' retaliation claims under ADEA are DISMISSED WITH PREJUDICE.

### (ii)   Rehabilitation Act Claims

Even though Rodriguez asserts a cause of action under ADA, his only recourse for his disability claims is found in the Rehabilitation Act. It is well-settled that the federal government is excluded from the ADA's definition of "employer." <u>See</u> 42 U.S.C. § 12111(5)(B)(i); see also <u>Daniels v. Chertoff</u>, 2007 WL 1140401, at *2 (D.Ariz. April 17, 2007) (<u>citing</u> <u>Calero-Cerezo v. U.S. Dep't of Justice</u>, 355 F.3d 6, 11, n. 1 (the ADA is not available to federal employees); see also <u>Henrickson v. Potter</u>, 327 F.3d 444, 447 (5th Cir. 2003) (the entire federal government is excluded from coverage of the ADA); accord <u>Rivera v. Heyman</u>, 157 F.3d 101, 103 (2nd Cir. 1998) (a federal employee has no remedy for employment discrimination under the ADA).

Defendants assert that Rodriguez' claim under the Rehabilitation

Act should be dismissed because "he simply never filed a formal complaint of discrimination making such allegations." See Docket No. 21 at page 15. Instead, he "initiated contact with the EEO Office" and later "proceeded directly to the U.S. District Court." Id. We disagree.

It is the First Circuit's position that exhaustion of administrative remedies is not required under the Rehabilitation Act. See Prescott v. Higgins, 538 F.3d 32 (1st Cir. 2008) (citing Brennan v. King, 139 F.3d 258, 268 n.12 (1st Cir. 1998). As such, Rodriguez' claims under the Rehabilitation Act survive the initial hurdle.

Having determined that the Rehabilitation Act is the only statutory sources upon which plaintiff may find redress, we now turn to the limitations pertaining the appropriate parties to actions brought under the Act.

There is authority holding that the only proper defendant in an action under §501 of the Rehabilitation Act for discrimination in federal employment of individuals with disabilities is the head of the department, agency, or unit against which discrimination is alleged. See 29 U.S.C.A. § 791; see also Maull v. Division of State Police, Dept. of Public Safety, State of Delaware, 141 F. Supp. 2d 463 (D. Del. 2001), order aff'd, 39 Fed. Appx. 769 (3d Cir. 2002). Hence, the only proper defendant with respect to plaintiff's suit is the agency head, in this instance John Mc. Hugh, in his official capacity. See Stoll v. Principi, No. Civ. 02-2761, 2005 WL 4542884, at *6 (D.P.R. August 2, 2005). The claims asserted in the complaint against the remaining individual co-defendants are DISMISSED WITH PREJUDICE.

**B. Standing to Sue**

Defendants challenge the standing of Rodriguez' spouse and their conjugal partnership to sue under the ADEA and the Rehabilitation Act. See Docket No. 21 at page 14.

The Rehabilitation Act states, in pertinent part that "[n]o otherwise qualified individual with a disability ... shall, solely by reason of her or his disability, be excluded from the participation in, or be denied the benefits of, or be subjected to discrimination under any program or activity receiving Federal financial assistance." See 29 U.S.C. §794(d). The Act "incorporates the rights, remedies, and procedures set forth in the Equal Employment Opportunity Act." See Roman-

Martinez v. Runyon, 100 F.3d 213, 216 (1st Cir. 1996) (citing the Civil Rights Act of 1964, Sections 717, 706(f)-(k), 42 U.S.C. §§2000e-16, 2000e-5 (f)-(k) (1994)). In order to have standing to use under 42 U.S.C.A. §2000e-16(c), the plaintiff must be an "employee" or an "applicant for employment" of the federal agency. See Roman-Martinez v. Runyon, 100 F.3d 213, n.1 (1st Cir. 1996); see also Feliciano Hill v. Principi, 439 F.3d 18, n.2 (1st Cir. 2006).

Since there is no indication in the record that Martinez Aponte and the conjugal partnership are employees or applicants for employment within the meaning of the statute, its claims under the Rehabilitation Act are DISMISSED WITH PREJUDICE.

### C. State Law Claims

The Court next analyzes the substance and proper disposition of the remaining claims of discrimination, harassment, hostile work environment and retaliation under the Rehabilitation Act as well as the Constitutional and state law claims (Counts II through XI).

#### (i) Preemption

Defendants allege that plaintiffs' state law claims, to wit, claims under Law 100 of June 30, 1959; Law 44 of July 12, 1985 known as the Puerto Rico Disability Anti-Discrimination Act and Article 1802 of the Puerto Rico Civil Code, 31 L.P.R.A sec. 5141, are preempted by ADEA, the Rehabilitation Act and the Civil Service Reform Act of 1978 ("CSRA"), 5 U.S.C. §1101 et seq. Furthermore, defendants argue that the state law claims also lack viability on the basis of the doctrine of sovereign immunity. We first address the issue of preemption.

The First Circuit has held that the ADEA is the exclusive remedy for federal employees alleging age discrimination in their workplace. See Tapia-Tapia v. Potter, 322 F.3d 742 (1st Cir. 2003). That same tenement holds true for claims under the Rehabilitation Act of 1973, which is the judicial avenue appropriate for a federal employee's disability discrimination allegation. See 29 U.S.C. §701 et seq.; see also Calero-Cerezo v. United States Dep't of Justice, 355 F.3d 6, 12 n.1 (1st Cir. 2004).

Therefore, to the extent that plaintiffs assert Puerto Rico law claims on the basis of disability discrimination, those claims are preempted.

Similarly, defendants posit, the CSRA also preempts plaintiffs' claims under Puerto Rico law. The CSRA established a comprehensive scheme for reviewing federal-personnel actions that preempts other federal and state claims complaining of prohibited employment practices and precludes claims asserted directly under the Constitution. See Pretlow v. Garrison, 420 Fed.Appx. 798, 801 (10th Cir. 2011) (citing Steele v. United States, 19 F.3d 531, 532-33 (10th Cir. 1994)). Since its enactment, the Supreme Court "has jealously guarded CSRA against inconcinnous judicial incursions." See Montplaisir v. Leighton, 875 F.2d 1 (1st Cir. 1989).

Plaintiffs respond to defendants' preemption argument by pointing to Rodriguez v. Potter, 419 F.Supp.2d 58 (D.P.R. 2006) and Tapia-Tapia. Neither case, however, supports defendant's proposition. See Rodriguez, 419 F.Supp.2d at 64 [Ruling, in pertinent part, that the ADEA and Title VII provide exclusive remedies with respect to employment discrimination claims and dismissing plaintiff's constitutional claims because plaintiff failed to articulate a basis for his claims that was independent of the employment discrimination allegations] and Tapia-Tapia, 322 F.3d 742 at 745 n.5 ["The ADEA provides the exclusive federal remedy for age discrimination in employment."]

Consequently, the plaintiffs' age discrimination claims premised on state law are preempted. Therefore, the Court DISMISSES them WITH PREJUDICE.

### (ii) Sovereign Immunity

Defendants further allege that the state law claims also fail because the United States has not waived its sovereign immunity as to the United States, the federal agencies and the individual defendants sued in their official capacities. See Docket 21 at pages 7 and 21.

The doctrine of sovereign immunity establishes that federal courts lack jurisdiction over claims against the United States unless the government has waived its sovereign immunity. See F.D.I.C. v. Meyer, 510 U.S. 471, 475, 114 S.Ct. 996, 127 L.Ed.2d 308 (1994); see also Sanchez v. US, 740 F.3d 47 (1st Cir. 2014). In the absence of a specific statutory authorization, the only way in which a suit for damages arising out of constitutional violations attributable to federal action may be brought is under the doctrine of Bivens v. Six Unknown Agents of the FNB, 403 U.S. 388, 91 S.Ct. 1999, 29 L.Ed.2d 619 (1971). See Tapia, 322 F.3d at

742. This principle extends to agencies of the United States as well, which are immune absent a showing of a waiver of sovereign immunity. See United States v. Testan, 424 U.S. 392, 96 S.Ct. 948, 47 L.Ed.2d 114 (1976); see also Whittle v. United States, 7 F.3d 1259, 1262 (6th Cir. 1993) (affirming dismissal of suit against federal agency because federal sovereign immunity "extends to agencies of the United States" and "[t]he federal question jurisdictional statute is not a general waiver of sovereign immunity").

Rodriguez brings his claims against the United States of America, the United States Army, the Department of Justice, as well as several individual defendants in their official capacity, due to events arising from his federal employment. Therefore, this suit is within the exclusive jurisdiction of the federal courts. See 28 U.S.C. § 1346(b). However, although the federal government has waived its sovereign immunity for suits under the Rehabilitation Act, it has not done so for Puerto Rico discrimination laws. See Cruz Lopez v. Puerto Rico Air National Guard, No. Civ. 96–2358(PG), 1998 WL 136425, at *3 (D.P.R. March 23, 1998) (citing 42 U.S.C. § 2000e–16). Consequently, defendants correctly assert that plaintiffs do not point to any specific statutory source under which their claims arise.

In their Opposition, plaintiffs aver that by virtue of "having a valid claim under federal statutes, ADA and ADEA" the Court is bound to also entertain the supplemental state law claims. See Docket No. 26 at ¶19.

This argument falls short of the mark. That federal courts have supplemental jurisdiction over claims related to those within the court's original jurisdiction, a premise codified in 28 U.S.C. §1367, has no bearing on the effect of the sovereign immunity doctrine on plaintiffs' state law claims. This Court would have jurisdiction to entertain those claims were it not for the preclusive effect of sovereign immunity over the state law claims.

In view of the above, the Court hereby DISMISSES plaintiffs' claims under Puerto Rico law WITH PREJUDICE.

### D. Constitutional Claims

Plaintiffs' constitutional claims fare no better. To the extent that these claims are a mere restatement of Rodriguez' age discrimination

claim, they are not justiciable. The only way in which his constitutional claims would survive preemption would be if they were separate and distinct from his age discrimination claims. See Belhomme v. Widnall, 127 F.3d 1214, 1217 (10th Cir.1997).

Upon reviewing plaintiffs' claims, it is clear that the actions Rodriguez details mirror those which he says amounted to age discrimination. As such, the constitutional claims are also preempted and they must be DISMISSED WITH PREJUDICE.

**E. Failure to plead sufficient facts to state a claim for relief**

As to the remainder of plaintiffs' claims, defendants contend that none survive dismissal for failure to properly plead a cause of action, specifically his claims for hostile work environment, retaliation and failure to accommodate. See Docket No. 21 at pages 16-19.

We will dissect each one separately.

**(i)     Hostile Work Environment**

In order to succeed in a hostile work environment claim under the Rehabilitation Act, Rodriguez must show the following: (1) that he was disabled under the Rehabilitation Act; (2) that he was subjected to uninvited harassment; (3) that his employer's conduct was based on his disability; (4) that the conduct was so severe or pervasive that it altered the conditions of his work and created an abusive work environment; and (5) the harassment was objectively and subjectively offensive. See McDonough v. Donahoe, 673 F.3d 41 (1st Cir. 2012) (citing Prescott v. Higgins, 538 F.3d 32, 42 (1st Cir. 2008)).

Even though the Court has serious questions as to whether the actions that Rodriguez claims converged to create a hostile work environment are severe or pervasive enough to constitute an adverse employment action, we need not engage in that analysis since Rodriguez' hostile work environment allegations fail for other reasons.

"[A]n 'individual with a disability' [is defined] as 'any person who ... has a physical or mental impairment which substantially limits one or more of such person's major life activities' or 'has a record of such impairment' or 'is regarded as having such an impairment.'" See Bragdon v. Abbott, 524 U.S. 624, 118 S.Ct. 2196 (1998). To qualify as "disabled" under the Rehabilitation Act, the plaintiff must meet the following criteria: (1) the plaintiff must establish that he suffers from

an impairment; (2) the impairment must affect a major life activity and (3) the impairment must substantially limit the major life activity. See Ramos-Echevarría v. Pichis, Inc., 659 F.3d 182, 187-188 (1st Cir. 2011).

Based on the record before the Court, we find that Rodriguez has failed to satisfy the three-prong test. Rodriguez claims that he is a qualified federal employee with a disability as defined in the Rehabilitation Act. See Docket No. 1 at ¶50. Yet he cannot formulate the basis for his alleged disability. Likewise, Rodriguez does not indicate how his impairment substantially limits any major life activity, as required by the statute. For example, "[w]orking can be considered a major life activity." Ramos-Echevarría, 659 F.3d at 188. Rodriguez, however, has not pleaded that he is substantially limited in carrying out his job-related responsibilities nor has he adduced that he is limited in performing any other "major life activity."

Because he failed to properly plead that he is a disabled individual under the Rehabilitation Act, Rodriguez' hostile work environment claim is DISMISSED WITHOUT PREJUDICE.

**(ii)    Retaliation**

Rodriguez asserts that defendants' decision to take "adverse action against him" was motivated by his "filing a complaint" before the EEO at US Army Garrison Fort Buchanan "requesting a formal investigation" into his allegations of hostile work environment, discrimination, harassment, among others. See Docket No. 1 at ¶75.

In a Rehabilitation Act suit, the plaintiff can make out a prima facie case by "show[ing] that (1) he or she engaged in protected conduct, (2) he or she was subjected to an adverse action by the defendant, and (3) there was a causal connection between the protected conduct and the adverse action." See Palmquist v. Shinseki, 689 F.3d 66 (1st Cir. 2012) (citing D.B. ex rel. Elizabeth B. v. Esposito, 675 F.3d 26, 41 (1st Cir.2012)). The burden then shifts to the employer to articulate a legitimate, nonretaliatory reason for the employment decision. Id. Once such a reason is articulated, it is up to the employee to show that the proffered reason was pretextual and that retaliation was the true reason. Id. The burden of proof remains throughout with the employee. See Mesnick v. Gen. Elec. Co., 950 F.2d 816, 823 (1st Cir. 1991).

Aside from failing to establish that he is a disabled individual as required by the Rehabilitation Act, Rodriguez fails to plead enough facts to sustain a cause of action for retaliation under the Rehabilitation Act. Here, Rodriguez has conclusory stated that has a disability (Docket No. 1 at ¶50) and that he has complained of co-defendant Ortega's conduct which has in turn "aggravated Ortega's adverse actions" against him. See Docket No. 1 at ¶66. Since Rodriguez has pled no other facts to sustain his allegations of retaliation, he has failed altogether to satisfy the pleading standard under *Igbal*.

In fact, Rodriguez avers that several other employees complained to management about Ortega's conduct, thus suggesting that his actions were not motivated by a discriminatory animus against Rodriguez on account of the latters' opposition to discriminatory practices.[1]

Viewed through this prism, Rodriguez' retaliation claim cannot endure. Therefore, the Court DISMISSES WITHOUT PREJUDICE Rodriguez' retaliation claim under the Rehabilitation Act for failure to plead facts sufficient to state a plausible claim.

### (iii) Failure to Accommodate

To establish a cause of action for failure to accommodate, the plaintiff must show that the employer knew about plaintiff's disability and did not reasonably accommodate it. See Jones v. Nationwide Life Ins. Co., 696 F.3d 78 (1st Cir. 2012) (citing Freadman v. Metro. Prop. & Cas. Ins. Co., 484 F.3d 91, 102 (1st Cir. 2007)). The obligation is on the employee to explicitly request an accommodation, unless the employer otherwise knew one was needed. See Freadman, 484 F.3d at 102. An accommodation request must be sufficiently direct and specific, and it must explain how the accommodation is linked to plaintiff's disability. Id.

Because plaintiff failed to assert that he is a disabled individual under the Rehabilitation Act, his failure to accommodate claims do not survive.

## IV. CONCLUSION

In light of the preceding discussion, this Court hereby **GRANTS**

---

[1] The Complaint alleges that Colonel John D. Cushman held a meeting on October 29, 2010 where 28 employees "notified the ongoing behavioral conduct of Co-Defendant Ortega to management and expressed as well [sic] as their concerns about Mr. Ortega." See Docket No. 1 at ¶47-48.

Defendants' motion to dismiss in part (Docket No. 20) thereby DISMISSING WITH PREJUDICE Rodriguez' claims of discrimination and retaliation under the ADEA. Similarly, the Court **DISMISSES WITH PREJUDICE** the claims brought by the Conjugal Partnership between Rodriguez and his spouse, as well as Rodriguez' state law and constitutional claims. Furthermore, the Court **DIMISSES WITHOUT PREJUDICE** Rodriguez' claims for hostile work environment, retaliation and failure to accommodate under the Rehabilitation Act.

**SO ORDERED.**

In San Juan, Puerto Rico, March 27, 2014.

                                              **S/ JUAN M. PÉREZ-GIMÉNEZ**
                                              **JUAN M. PÉREZ-GIMÉNEZ**
                                              **UNITED STATES DISTRICT JUDGE**